**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JENNIE PHILLIPS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. ______________** |
| **WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORES TEXAS 2007, LLC and WAL-MART REAL ESTATE BUSINESS TRUST,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

## INDEX OF STATE COURT PLEADINGS AND FILING DATES

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 17th Judicial District Court, Tarrant County, Texas, Cause No. 017-358923-24 | 10/22/2024 |
| 2. | Plaintiff's Original Petition | 10/22/2024 |
| 3. | Service Request Form | 10/22/2024 |
| 4. | Citation – Wal-Mart Stores Texas, LLC | 10/22/2024 |
| 5. | Citation – Wal-Mart Real Estate Business Trust | 10/22/2024 |
| 6. | Citation Return of Service – Wal-Mart Stores Texas, LLC | 10/28/2024 |
| 7. | Citation Return Service – Wal-Mart Real Estate Business Trust | 10/28/2024 |
| 8. | Citation Return of Service – Wal-Mart Stores Texas, LLC | 10/28/2024 |
| 9. | Citation Return Service – Wal-Mart Real Estate Business Trust | 10/28/2024 |
| 10. | Amended Citation Return Service – Wal-Mart Stores Texas, LLC | 11/04/2024 |
| 11. | Amended Citation Return Service – Wal-Mart Real Estate Business Trust | 11/04/2024 |
| 12. | Defendant's Wal-Mart Stores Texas, LLC's Original Answer to Plaintiff's Original Petition | 11/15/2024 |

# TAB NO. 1

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information 11/22/2024 9:33 AM

**Court :** 017 **Case :** 358923 Search New Search ☐ **Show Service Documents ONLY**

**Cause Number : 017-358923-24** **Date Filed : 10-22-2024**

JENNIE PHILLIPS **| VS |** WAL-MART STORES TEXAS, LLC, ET AL

**Cause of Action :** INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
**Case Status :** PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 10-22-2024 | PLTF'S ORIG PET | PDF | N | | $350.00 | |
| 10-22-2024 | PAYMENT RECEIVED trans #1 | | Y | | | $213.00 |
| 10-22-2024 | PAYMENT PAID TO STATE trans #1 | | Y | | | $137.00 |
| 10-22-2024 | SVC REQ FORM | PDF | | | | $0.00 |
| 10-22-2024 | CIT-ISSUED ON WAL-MART STORES TEXAS LLC-On 10/23/2024 | PDF | N | Svc | $8.00 | |
| 10-22-2024 | CIT-ISSUED ON WAL-MART REAL ESTATE BUSINESS TRUST-On 10/23/2024 | PDF | N | Svc | $8.00 | |
| 10-22-2024 | PAYMENT RECEIVED trans #6 | | Y | | | $8.00 |
| 10-22-2024 | PAYMENT RECEIVED trans #5 | | Y | | | $8.00 |
| 10-22-2024 | JURY REQUESTED | | | | | $0.00 |
| 10-28-2024 | CIT RET OF SVC-WAL-MART STORES TEXAS LLC-EXEC 10-23-24 | PDF | | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 10-28-2024 | CIT RET OF SVC-WAL-MART REAL ESTATE BUSINESS TRUST-EXEC 10-23-24 | PDF | | $0.00 |
| 10-28-2024 | CIT Tr# 5 RET EXEC(WAL-MART STORES TEXAS LLC) On 10/23/2024 | PDF | | $0.00 |
| 10-28-2024 | CIT Tr# 6 RET EXEC(WAL-MART REAL ESTATE BUSINESS TRUST) On 10/23/2024 | PDF | | $0.00 |
| 11-04-2024 | AMD CIT RET OF SVC-WAL-MART STORES TEXAS LLC-EXEC 10-23-24 | PDF | | $0.00 |
| 11-04-2024 | AMD CIT RET OF SVC-WAL-MART REAL ESTATE BUSINESS TRUST-EXEC 10-23-24 | PDF | | $0.00 |
| 11-15-2024 | DEFN'S ORIG ANS-WAL-MART STORES TEXAS LLC | PDF | | $0.00 |
| 11-15-2024 | JURY REQUESTED | | | $0.00 |

# TAB NO. 2

FILED
TARRANT COUNTY
10/22/2024 2:37 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-358923-24

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>Plaintiff(s) | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | |
| | § | ________ JUDICIAL DISTRICT |
| WAL-MART STORES TEXAS, LLC d/b/a | § | |
| WAL-MART STORES TEXAS 2007, LLC: | § | |
| and WAL-MART REAL ESTATE | § | |
| BUSINESS TRUST; | § | |
| Defendant(s) | § | TARRANT COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JENNIE PHILLIPS, hereinafter sometimes referred to as "PLAINTIFF", complaining of WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORES TEXAS 2007, LLC and WAL-MART REAL ESTATE BUSINESS TRUST ("Defendants"), and respectfully shows as follows:

## I.
## LEVEL

Plaintiffs request that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

At all relevant times, PLAINTIFF was a resident and citizen of Dallas County, Texas.

Defendant WAL-MART STORES TEXAS, LLC DBA WAL-MART STORES TEXAS 2007, LLC is a foreign for-profit corporation registered to conduct business in Texas which does business throughout Texas. Defendant has systematic, continuous, and specific contacts, conduct, and business activities within Texas such that it is at home in the state. Defendant may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

Defendant WAL-MART REAL ESTATE BUSINESS TRUST is a foreign for-profit corporation registered to conduct business in Texas which does business throughout Texas. Defendant has systematic, continuous, and specific contacts, conduct, and business activities within Texas such that it is at home in the state. Defendant may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

Plaintiff specifically invokes the right to institute this suit against whatever entity(ies) or person(s) was conducting business using the assumed or common name of "Wal-Mart Supercenter #1178", "Walmart Supercenter #1178", "Wal-Mart", "Walmart", "Walmart Stores", "Walmart Stores Texas", "Wal-Mart Stores", "Wal-Mart Stores Texas", "Wal-Mart Supercenter", "WAL-MART STORES TEXAS, LLC DBA WAL-MART STORES TEXAS 2007, LLC," "WAL-MART REAL ESTATE BUSINESS TRUST," or "Walmart Supercenter"

with regard to the events described in this petition. Plaintiff expressly invokes her right under Texas Rule of Civil Procedure 28 to have the true name of this party substituted at a later time upon the motion of any party or of the court.

## III.
## ASSUMED NAMES, MISNOMER, AND ALTER EGO

As authorized by Rule 28 of the Texas Rules of Civil Procedure, this suit is brought against all those partnerships, unincorporated associations, private corporations, and individuals, either known or unknown, who are or were, during the period in which the incident made the basis of this lawsuit occurred, including October 24, 2022, doing business as "Wal-Mart Supercenter #1178", "Walmart Supercenter #1178", "Wal-Mart", "Walmart", "Walmart Stores", "Walmart Stores Texas", "Wal-Mart Stores", "Wal-Mart Stores Texas", "Wal-Mart Supercenter", "WAL-MART STORES TEXAS, LLC DBA WAL-MART STORES TEXAS 2007, LLC", "WAL-MART REAL ESTATE BUSINESS TRUST", or "Walmart Supercenter". Further, in the event that any parties are misnamed or not included herein, it is PLAINTIFF's contention that such was a misnomer and/or such parties are/were alter egos of parties named herein.

Whenever in this petition it is alleged that the DEFENDANT did any act or thing, it is meant that the DEFENDANT's agents, officers, servants, borrowed servants, employees, or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of DEFENDANT or was done in the normal and routine

course and scope of employment of DEFENDANT's officers, agents, servants, borrowed servants, employees, or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency, or borrowed servant doctrine.

## IV.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court.

Venue is proper in TARRANT County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred in Tarrant County.

## V.

## NON-SUBSCRIBER

At all times material, DEFENDANTS were non-subscribers pursuant to Tex. Lab. Code § 401.001, *et seq*.

## VI.

## FACTUAL BACKGROUND

On or about October 24, 2022, PLAINTIFF was in the course and scope of her employment with Anderson Merchandising, LLC at the Walmart located at 4101 Hwy 121, Bedford, TX 76021 when she was injured.

Another associate was pushing what was described as a gondola machine down the aisle and negligently ran the gondola machine into a pallet jack with stacked boxes of inventory which fell on Plaintiff.

As Plaintiff tried to jump out of the way of the boxes, her body crashed into the side of an iron staircase with rails.

There was no sign or indication Wal-Mart had attempted to warn Plaintiff of the dangerous machinery or untrained and/or improperly trained individuals.

Plaintiff suffered injuries to her back, shoulder, and body generally.

## VII.

## PREMISES LIABILITY

Plaintiff repeats and realleges each allegation contained above.

Defendants were in possession or the owners of the premises at Walmart 4101 Hwy 121, Bedford, TX 76021.

Plaintiff entered Defendant's premises in response to Defendant's invitation and for their mutual benefit; A condition on defendant's premises posed an unreasonable risk of harm; Defendant had actual knowledge of the fact or reasonably should have known of the danger; Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant

breached the duty of ordinary care by the following:

i. Its failure to use ordinary care to reduce or eliminate any unreasonable risk of harm created by a premise condition which Defendant knew about or in the exercise or ordinary care should have known existed;

ii. In carelessly and negligently failing to maintain and keep a high traffic area from being unsafe when operating dangerous machinery;

iii. In carelessly and negligently failing to keep floor areas free from dangers;

iv. Its failure to properly train its employees and managers to look for, detect, and remove dangers including but not limited to the dangers from operating machinery;

v. Its failure to properly supervise the detection and removal of individuals from high traffic areas and areas where machinery such as the gondola machine could put others in danger;

vi. Its failure to properly implement a policy and/or training for the operation of the gondola machine from high traffic areas;

vii. Its failure to safely detect dangers from the gondola machine;

viii. Its failure to properly address safety issues regarding the operation of the gondola machine;

ix. In failure to properly inspect high traffic areas for dangerous conditions;

x. Its failure to maintain a safe working place;

xi. In failing to take affirmative action to control or avoid increasing the danger from a condition that has been at least partially created by the individual's conduct; and

xii. Other acts deemed negligent and grossly negligent.

Each of these acts and omissions, singularly or in combination, constituted negligence which proximately cause the occurrence and made the basis of this action and Plaintiff's injuries and damages.

**VIII.**

**NEGLIGENCE AND NEGLIGENT ACTIVITY**

In the alternative to other counts, Plaintiff's injuries were the result of defendant's ongoing negligent activity on the premises at the time of the injury, not a condition of the premises. In support of the allegation Defendant's negligence is evidenced by the following:

a. Its failure to use ordinary care to reduce or eliminate an unreasonable risk of harm created by an ongoing activity which Defendant knew about or in the exercise or ordinary care should have known presented a danger to business invitees;
b. Its failure to prevent, remediate, warn, or avoid exposing invitees to dangers from ongoing negligent activity; and
c. Other acts deemed negligent and grossly negligent.

Defendants were under a duty, inter alia, to:

a) Provide adequate security of the safety of invitees on the Property and/or The Business;
b) Provide enough personnel in its premises to protect invitees from injuries from heavy equipment knocking things over;
c) Failing to provide competent spotters, drivers, and flaggers protect invitees from harm;
d) Failing to control the dangerous areas caused by the operation of heavy machinery;
e) Provide adequate training to their employees;
f) Investigate the high cause of incident;
g) Warn of dangers associated with these machines;
h) Provide proper safety training and measures for its employees, invitees, and licensees;
i) Provide adequate safety measures for its employees;
j) Enforce its own safety its own safety guidelines;
k) Provide enough spotters and flaggers to prevent injuires;
l) Enforce city ordinances; and/or
m) Such other acts of negligence and gross negligence as shown through discovery and trial.

Defendants failed to use the same standard for safety used for similar other

establishments.

Each of the above acts or omissions, singularly or in combination with one another constituted negligence on the part of Defendants. As a direct and proximate result of Defendants' negligent actions, Plaintiff was injured. This Incident and resulting injuries and Damages were proximately caused by the negligence, as that term is understood in law, on the part of the Defendants.

Further, Plaintiff sues for exemplary damages herein.

## IX.

## Negligent Hiring

Plaintiffs incorporates all other paragraphs by reference here fully. At the time of the incident in question and immediately prior thereto, Defendants' employees were engaged in the furtherance of Defendants' businesses.

In addition, Defendants had a legal duty to hire, supervise, train, and/or retain competent employes. Even if these employees are alleged to be "independent contractors," Defendants still had a duty.

Defendants breached this duty when they negligently hire, supervise, train, and/or retain those persons working at Walmart.

Defendants failed to use the same standard for safety as they do for other establishments owned or operated by Walmart and/or Property Owner.

This failure to hire, supervise, train, and/or retain competent employees proximately caused injuries and Damages to Plaintiffs as detailed infra.

## X.

## Negligent Undertaking

Plaintiff incorporates all other paragraphs by reference here fully.

Defendants undertook to perform services that it knew or should have known were necessary for the plaintiff's protection. Defendants failed to exercise reasonable care in performing those services. And either Plaintiff relied upon Defendants' performance, or Defendants' performance increased the plaintiffs' risk of harm. See Colonial Savings, 544 S.W.2d at 119-20.

This failure to exercise reasonable care employees proximately caused injuries and Damages to Plaintiff as detailed infra.

## XI.

## Theories of Liability Applicable to Defendants Respondeat Superior &Agency

Plaintiffs incorporates all other paragraphs by reference here fully.

Whenever in this Petition it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of their employment, agency or contract with Defendants, and in furtherance of Defendants' businesses.

Therefore, under the doctrine of Respondeat Superior, Defendants are vicariously liable for the acts and/or omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere in this petition and incorporated by reference here fully.

## XII.

## Vicarious Liability - Corporate Veil

Plaintiffs incorporate all other paragraphs by reference here fully.

On information and belief Defendants are related entities.

The corporate form was used as a sham to perpetrate & fraud. These corporate forms should be disregarded because holding only one liable would result in injustice.

## XIII.

## Gross Negligence of All Defendants

Plaintiff incorporates all other paragraphs by reference here fully.

Plaintiff alleges that, these acts and omissions, when viewed from the standpoint of all Defendants, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiffs and others. All Defendants had actual, subjective awareness of the risks of its conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff, and others.

Plaintiff further alleges that the injuries and damages that Plaintiff sustained in the Incident were caused by the gross negligence of Defendants acting by and through their employees, agents, officers, servants, and/or representatives in the course of employment for said Defendants in furtherance of Defendants' business interests.

## XIV.
## DAMAGES

As a result of the occurrence in question, PLAINTIFF, JENNIE PHILLIPS, sustained serious personal injuries, mental anguish, physical pain and suffering, medical expenses in the past, and impairment and disability in the past. It is believed the PLAINTIFF will also suffer legally recoverable damages in the future. The PLAINTIFF will respectfully request the Court and Jury to determine the amount of loss that JENNIE PHILLIPS has incurred and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the PLAINTIFF is entitled to have the jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the PLAINTIFF for the injuries, damages, and losses incurred from the date of the accident in question until the time of trial of this case. Those elements of damages are as follows:

a. The physical pain that the PLAINTIFF has suffered from the date of the occurrence in question up to the time of trial;

b. The mental anguish that the PLAINTIFF has suffered from the date of the occurrence in question up to the time of trial;

c. The amount of reasonable medical expenses necessarily incurred in the treatment of the PLAINTIFF's injuries from the date of the accident in question up to the time of trial;

d. The loss and/or reduction of earnings and/or earning capacity sustained by the PLAINTIFF from the date of the occurrence in question up to the time of trial;

e. The disfigurement which the PLAINTIFF has suffered from the date of the occurrence in question up to the time of trial; and

f. The physical impairment in which the PLAINTIFF has suffered from the date of the occurrence in question up to the time of trial.

Further, the following are elements of damages to be considered separately which the PLAINTIFF will sustain in the future beyond the trial that are determined by a preponderance of the evidence upon trial of this cause.

a. The physical pain that the PLAINTIFF will suffer in the future beyond the time of trial;

b. The mental anguish that the PLAINTIFF will suffer in the future beyond the time of trial;

c. The reasonable value of medical expenses that will necessarily be incurred in the treatment of the PLAINTIFF's injuries in the future beyond the time of trial;

d. The loss and/or reduction in PLAINTIFF's earnings or earning capacity in the future caused by the injuries sustained in the occurrence in question;

e. The disfigurement that the PLAINTIFF will suffer in the future beyond the time of trial; and

f. the physical impairment which the PLAINTIFF will suffer in the future beyond the time of trial.

Plaintiff, JENNIE PHILLIPS, seeks monetary relief of over $250,000.00, but not more than $1,000,000.00, and demand for judgment for all other relief to which the party deems herself entitled.

**XV.**

**<u>RULE 193.7 NOTICE</u>**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case will be used at any pretrial proceeding or at the trial of this matter.

**XVI.**

**TRCP 193.7**

Pursuant to Texas Rule of Civil Procedure 193.7, Defendant is hereby put on continuous notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless you make valid objections to authenticity pursuant to this rule.

**XVII.**

**JURY DEMAND**

Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

**XVIII.**

**PRAYER**

Plaintiffs pray that they have judgment against Defendant(s), jointly and severally, for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which they are entitled.

Respectfully submitted,

TX Attorney Group, PLLC

David A. Bleakney
Attorney, Managing Member of TX Attorney Group, PLLC
State Bar No. 24103798
Federal ID: 3749624
(Main #) 281-815-0387
(Fax #) 281-612-3006
*E-SERVICE EMAIL:
e-service@txattorneygroup.com
General Correspondence Email:
david@txattorneygroup.com
405 Main Street, Suite 1000
Houston, Texas 77002

ATTORNEY FOR PLAINTIFF

# TAB NO. 3

# THOMAS A. WILDER, DISTRICT CLERK

## TARRANT COUNTY SERVICE REQUEST FORM

**Cause No:** 017-358923-24

**Style of Case:** JENNIE PHILLIPS VS. WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORES TEXAS 2007, LLC; and WAL-MART REAL ESTATE BUSINESS TRUST

Please reference the District Clerk web page, **www.tarrantcountytx.gov/DistrictClerk/Forms** for the following forms: Abstracts, Executions, Subpoenas.

**Choose the type of service documents for issuance and select the type and quantity of issuance(s) needed. *For electronic service, service document will be e-mailed to you for you to attach documents and have party served.**

☐ **Check box if you would like the District Clerk's Office to make copies for your service. (*Add $1.00 per page, per pleading, for each non-certified paper copy for service. For other types of copies see fee list on District Clerk website*).**

**Title of Pleading to be Served:** Plaintiff's Original Petition

**Date Pleading Filed:** 10/22/24

**Return to (e-Service ONLY):** bambi@txattorneygroup.com

**(Name and e-mail address)**

| Quantity | Type of Service | TC Constable | Alternative Service (Private Process or Out of County) | Certified Mail | *Electronic Service |
|---|---|---|---|---|---|
| | Citation by Publication | | | | |
| | Citation by Posting | | | | |
| 2 | Citation | | | | x |
| | TRO | | | | |
| | Show Cause | | | | |
| | Capias | | | | |
| | Arrest Warrant | | | | |
| | Protective Order | | | | |
| | Writ of Habeas | | | | |
| | Writ of Attachment | | | | |
| | Bench Warrant | | | | |
| | Writ of Garnishment | | | | |
| | Writ of Permanent Injunction | | | | |
| | Writ of Temporary Injunction | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Name of Party to be served: ______ Service Type: ______
Address for Service: ______ Party Type: ______

Name of Party to be served: ______ Service Type: ______
Address for Service: ______ Party Type: ______

**Attach additional pages if there are more parties to be served.**

**PERSON REQUESTING SERVICE:**

NAME: David Bleakney

MAILING ADDRESS: 405 Main Street, Ste. 1000, Houston, TX 77002

PHONE NO: 281-815-0387 FAX NO.: 281-612-3006

EMAIL ADDRESS: david@txattorneygroup.com

# TAB NO. 4

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION* *Cause No. 017-358923-24*

JENNIE PHILLIPS
VS.
WAL-MART STORES TEXAS, LLC, ET AL

TO: WAL-MART STORES TEXAS LLC
D/B/A WAL-MART STORES TEXAS 2007 LLC

B/S REG AGT-CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TX 75201-3136

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JENNIE PHILLIPS

Filed in said Court on October 22nd, 2024 Against
WAL-MART STORES TEXAS LLC, D/B/A WAL-MART STORES TEXAS 2007 LLC, WAL-MART REAL ESTATE BUSINESS TRUST

For suit, said suit being numbered 017-358923-24 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

DAVID A BLEAKNEY
Attorney for JENNIE PHILLIPS Phone No. (281)815-0387
Address 405 MAIN ST STE 1000 HOUSTON, TX 77002

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 23rd day of October, 2024.

By Natalie Thigpen Deputy
NATALIE THIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN *017358923240000005*

Received this Citation on the ______ day of ______________________, _____ at ______ o'clock ___M; and executed at ______________________________ within the county of ______________, State of ________ at _______ o'clock ___M on the _______ day of ______________, _____ by delivering to the within named (Def.): ______________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: ______________________________________
County of ______________________ State of__________ By ____________________________ Deputy

Fees $_________ ________________________________________

State of _____________ County of __________________________ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said ______________________________ before me this _____ day of _________, ____

to certify which witness my hand and seal of office

(Seal)
__________________________________________
County of __________________, State of ________________

# *CITATION*

Cause No. 017-358923-24

JENNIE PHILLIPS

VS.

WAL-MART STORES TEXAS, LLC,
ET AL

ISSUED

This 23rd day of October, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By NATALIE THIGPEN Deputy

DAVID A BLEAKNEY
Attorney for: JENNIE PHILLIPS
Phone No. (281)815-0387
ADDRESS: 405 MAIN ST STE 1000

HOUSTON, TX 77002

*CIVIL LAW*

*01735892324000005*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

# TAB NO. 5

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION* *Cause No. 017-358923-24*

JENNIE PHILLIPS
VS.
WAL-MART STORES TEXAS, LLC, ET AL

TO: WAL-MART REAL ESTATE BUSINESS TRUST

B/S REG AGT-CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TX 75201-3136

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 17th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

JENNIE PHILLIPS

Filed in said Court on October 22nd, 2024 Against
WAL-MART STORES TEXAS LLC, D/B/A WAL-MART STORES TEXAS 2007 LLC, WAL-MART REAL ESTATE BUSINESS TRUST

For suit, said suit being numbered 017-358923-24 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

DAVID A BLEAKNEY
Attorney for JENNIE PHILLIPS Phone No. (281)815-0387
Address 405 MAIN ST STE 1000 HOUSTON, TX 77002

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 23rd day of October, 2024.

By *Natalie Thigpen* Deputy
NATALIE THIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *017358923240000006*

Received this Citation on the ______ day of ________________________, _____ at ______ o'clock ___M; and executed at ______________________________ within the county of ______________, State of ________ at ________ o'clock ___M on the _______ day of _______________, _____ by delivering to the within named (Def.): ________________________ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: ________________________________________
County of ________________________ State of_________ By ______________________________ Deputy

Fees $_________ ____________________________________________
State of _____________ County of ____________________________ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said ________________________________ before me this _____ day of _________, ____
to certify which witness my hand and seal of office
(Seal) ______________________________________________
County of __________________, State of _________________

*CITATION*

Cause No. 017-358923-24

JENNIE PHILLIPS

VS.

WAL-MART STORES TEXAS, LLC,
ET AL

ISSUED

This 23rd day of October, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By NATALIE THIGPEN Deputy

DAVID A BLEAKNEY
Attorney for: JENNIE PHILLIPS
Phone No. (281)815-0387
ADDRESS: 405 MAIN ST STE 1000

HOUSTON, TX 77002

*CIVIL LAW*

*01735892324000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

# TAB NO. 6

017-358923-24

FILED
TARRANT COUNTY
10/28/2024 3:16 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>**PLAINTIFF** | §<br>§ | |
| VS. | §<br>§ | In the 17th District Court |
| WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC., ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | Tarrant County, Texas |

**RETURN OF SERVICE**

**On Wednesday, October 23, 2024 AT 1:06 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on WAL-MART STORES TEXAS LLC D/B/A WAL-MART STORES TEXAS 2007 LLC c/o Registered Agent CT CORPORATION SYSTEM came to hand.

**On Wednesday, October 23, 2024 AT 2:47 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** WAL-MART STORES TEXAS LLC D/B/A WAL-MART STORES TEXAS 2007 LLC c/o Registered Agent CT CORPORATION SYSTEM, by delivering to Intake Specialist: Zachary Rouse, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. My date of birth is November 05, 1960. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston County, Texas on Monday, October 28, 2024.

*Tracy Dewayne Edwards*

Tracy Dewayne Edwards
1201 Louisiana

JBCC Registration# SCH 1234 expires March 31, 2026

# TAB NO. 7

FILED
TARRANT COUNTY
10/28/2024 3:17 PM
THOMAS A. WILDER
DISTRICT CLERK

017-358923-24

**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>**PLAINTIFF** | §<br>§ | |
| VS. | §<br>§ | In the 17th District Court |
| WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC., ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | Tarrant County, Texas |

**RETURN OF SERVICE**

**On Wednesday, October 23, 2024 AT 1:06 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on WAL-MART REAL ESTATE BUSINESS TRUST c/o Registered Agent CT CORPORATION SYSTEM came to hand.

**On Wednesday, October 23, 2024 AT 2:47 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** WAL-MART REAL ESTATE BUSINESS TRUST c/o Registered Agent CT CORPORATION SYSTEM, by delivering to Intake Specialist: Zachary Rouse, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. My date of birth is November 05, 1960. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston County, Texas on Monday, October 28, 2024.

*Tracy Dewayne Edwards*

Tracy Dewayne Edwards
1201 Louisiana

JBCC Registration# SCH 1234 expires March 31, 2026

# TAB NO. 8

017-358923-24

FILED
TARRANT COUNTY
10/28/2024 3:16 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>**PLAINTIFF** | §<br>§ | |
| VS. | §<br>§ | In the 17th District Court |
| WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC., ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | Tarrant County, Texas |

**RETURN OF SERVICE**

**On Wednesday, October 23, 2024 AT 1:06 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on WAL-MART STORES TEXAS LLC D/B/A WAL-MART STORES TEXAS 2007 LLC c/o Registered Agent CT CORPORATION SYSTEM came to hand.

**On Wednesday, October 23, 2024 AT 2:47 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** WAL-MART STORES TEXAS LLC D/B/A WAL-MART STORES TEXAS 2007 LLC c/o Registered Agent CT CORPORATION SYSTEM, by delivering to Intake Specialist: Zachary Rouse, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. My date of birth is November 05, 1960. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston County, Texas on Monday, October 28, 2024.

Tracy Dewayne Edwards

Tracy Dewayne Edwards
1201 Louisiana

JBCC Registration# SCH 1234 expires March 31, 2026

# TAB NO. 9

FILED
TARRANT COUNTY
10/28/2024 3:17 PM
THOMAS A. WILDER
DISTRICT CLERK

017-358923-24

**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>**PLAINTIFF** | §<br>§ | |
| VS. | §<br>§ | In the 17th District Court |
| WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC., ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | Tarrant County, Texas |

**RETURN OF SERVICE**

**On Wednesday, October 23, 2024 AT 1:06 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on WAL-MART REAL ESTATE BUSINESS TRUST c/o Registered Agent CT CORPORATION SYSTEM came to hand.

**On Wednesday, October 23, 2024 AT 2:47 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** WAL-MART REAL ESTATE BUSINESS TRUST c/o Registered Agent CT CORPORATION SYSTEM, by delivering to Intake Specialist: Zachary Rouse, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. My date of birth is November 05, 1960. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston County, Texas on Monday, October 28, 2024.

*Tracy Dewayne Edwards*

Tracy Dewayne Edwards
1201 Louisiana

JBCC Registration# SCH 1234 expires March 31, 2026

# TAB NO. 10

FILED
TARRANT COUNTY
11/4/2024 1:45 PM
THOMAS A. WILDER
DISTRICT CLERK

017-358923-24

**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>**PLAINTIFF** | § | |
| VS. | § | In the 17th District Court |
| WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC., ET AL<br>**DEFENDANT** | § | Tarrant County, Texas |

*****AMENDED RETURN OF SERVICE*****

**On Wednesday, October 23, 2024 AT 1:06 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on WAL-MART STORES TEXAS LLC D/B/A WAL-MART STORES TEXAS 2007 LLC c/o Registered Agent CT CORPORATION SYSTEM came to hand.

**On Wednesday, October 23, 2024 AT 2:47 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** WAL-MART STORES TEXAS LLC D/B/A WAL-MART STORES TEXAS 2007 LLC c/o Registered Agent CT CORPORATION SYSTEM, by delivering to Intake Specialist: Zachary Rouse, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. My date of birth is September 15, 1963. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston County, Texas on Monday, November 4, 2024.

*Tracy Dewayne Edwards*

Tracy Dewayne Edwards

1201 Louisiana, Suite 370
Houston, TX 77002

JBCC Registration# PSC-1872 expires March 31, 2026

*This return has been amended to show the process server's correct birth date, address and registration number.

# TAB NO. 11

FILED
TARRANT COUNTY
11/4/2024 1:45 PM
THOMAS A. WILDER
DISTRICT CLERK
017-358923-24

**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| JENNIE PHILLIPS<br>**PLAINTIFF** | § | |
| VS. | § | In the 17th District Court |
| WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORES TEXAS 2007, LLC., ET AL<br>**DEFENDANT** | § | Tarrant County, Texas |

*****AMENDED RETURN OF SERVICE*****

**On Wednesday, October 23, 2024 AT 1:06 PM**, CITATION, PLAINTIFF'S ORIGINAL PETITION for service on WAL-MART REAL ESTATE BUSINESS TRUST c/o Registered Agent CT CORPORATION SYSTEM came to hand.

**On Wednesday, October 23, 2024 AT 2:47 PM, I, Tracy Dewayne Edwards, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** WAL-MART REAL ESTATE BUSINESS TRUST c/o Registered Agent CT CORPORATION SYSTEM, by delivering to Intake Specialist: Zachary Rouse, 1999 BRYAN STREET STE. 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is Tracy Dewayne Edwards. My e-mail address is info@easy-serve.com. My date of birth is September 15, 1963. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston County, Texas on Monday, November 4, 2024.

*Tracy Dewayne Edwards*

Tracy Dewayne Edwards

1201 Louisiana, Suite 370
Houston, TX 77002

JBCC Registration# PSC-1872 expires March 31, 2026

*This return has been amended to correct the process server's date of birth, registration number and address that was erroneous on the prior return.

# TAB NO. 12

FILED
TARRANT COUNTY
11/15/2024 12:08 PM
THOMAS A. WILDER
DISTRICT CLERK



**CAUSE NO. 017-358923-24**

| | | |
|---|---|---|
| **JENNIE PHILLIPS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| **v.** | § | |
| | § | |
| **WAL-MART STORES TEXAS, LLC d/b/a WAL-MART STORES TEXAS 2007, LLC and WAL-MART REAL ESTATE BUSINESS TRUST,** | § | **17th JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | **TARRANT COUNTY, TEXAS** |

**DEFENDANT WAL-MART STORES TEXAS, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") (incorrectly named as Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Stores Texas 2007, LLC and Wal-Mart Real Estate Business Trust), Defendant in the above-styled and numbered cause, and files this Original Answer, and in support hereof would respectfully show unto the Court the following.

## I. GENERAL DENIAL

1. Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

## II. AFFIRMATIVE DEFENSES

2. Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE,

which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3. Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4. In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id*. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5. Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6. Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against them based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7. Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8. Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9. Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10. Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner and employer would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11. Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12. Pleading further, and in the affirmative, the injuries plead by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

13. Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14. Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13, and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15. Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16. Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

## III.
## NOTICE OF INTENT

17. Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that may use in pretrial proceedings or at trial any and all documents and tangible things produced in discovery by plaintiff.

**IV.**
**DEMAND FOR JURY TRIAL**

18. In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: *<u>/s/ Derek S. Davis</u>*

**DEREK S. DAVIS**
Texas Bar No. 00793591
Email: Derek.Davis@CooperScully.com
**KATHERINE N. LESSING**
Texas Bar No. 24101102
Email: Katherine.Lessing@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November 2024, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service.

*/s/ Derek S. Davis*
**DEREK S. DAVIS**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tiffany Riley on behalf of Katherine Lessing
Bar No. 24101102
tiffany.riley@cooperscully.com
Envelope ID: 94344578
Filing Code Description: Answer/Response
Filing Description: Walmart's Original Answer
Status as of 11/15/2024 1:09 PM CST

Associated Case Party: THEWAL-MART STORES TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Derek Davis | | Derek.Davis@cooperscully.com | 11/15/2024 12:08:53 PM | SENT |
| Katherine Lessing | | Katherine.Lessing@cooperscully.com | 11/15/2024 12:08:53 PM | SENT |
| Kim Denton | | Kim.Denton@cooperscully.com | 11/15/2024 12:08:53 PM | SENT |

Associated Case Party: JENNIEPHILLIPS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Bleakney | | david@txattorneygroup.com | 11/15/2024 12:08:53 PM | SENT |